NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL ONE EQUIPMANT FINANCE CORP. F/K/A ALL POINTS CAPITAL CORP. D/B/A CAPITAL ONE TAXI MEDALLION FINANCE,<br><br>*Plaintiff,*<br><br>v.<br><br>NICKE JOSEPH,<br><br>*Defendant.* | Civil Action No. 16-9062<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff Capital One Equipment Finance Corporation's ("Capital One") unopposed motion for default judgment against Defendant Nicke Joseph under Fed. R. Civ. P. 55(b)(2). D.E. 13. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

I. **FACTS AND PROCEDURAL HISTORY**

On or about December 10, 2012, Joseph executed and delivered a promissory note in favor of Capital One in the amount of $250,000 (the "Note"), in connection with a security agreement. Compl. ¶¶ 5-6, D.E. 1. The Note provides for interest on the principal at a rate of 5.25% per annum, and upon default or maturity, at a default rate of 16% per annum until the principal and any other outstanding obligations are satisfied. *Id.* ¶¶ 7-8. The Note also provides that in the event of a default, the borrower agrees to pay all attorneys' fees, court costs and other expenses

incurred in the enforcement of the agreement. *Id.* ¶ 10; Ex. B. The loan at issue matured on January 1, 2016, but Joseph failed to pay all amounts due. As a result, Joseph defaulted under the Note, and the default rate of 16% per annum was triggered. *Id.* ¶ 11. Joseph continued to make partial payments throughout 2016 and 2017, but as of May 17, 2017, he owed a total of $264,659.32. Affidavit of Tarik Hussain ("Hussain Aff.") ¶¶ 8-9, D.E. 13-1.

On December 7, 2016, Capital One filed a Complaint against Defendant for breach of the agreement. Capital One seeks $264,659.32, the outstanding balance on the loan and other fees as well as its costs of collection, which includes costs associated with this legal action. Compl. ¶ 16. Joseph did not answer, move, or otherwise respond to the Complaint. As a result, the Clerk of the Court entered default against Joseph on January 6, 2017 for failure to plead or otherwise defend.[1] On May 17, 2017, Capital One filed this motion for default judgment. D.E. 13.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently

---

[1] Rule 55(a) directs the Clerk to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

2

pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id* at *2.

### B. Jurisdiction and Service

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

#### i. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. 1332(a). Capital One is a New York corporation with its principal place of business in Melville, New York. Defendant is domiciled in West Orange, New Jersey. Compl. ¶¶ 1-2. In addition, Capital One is claiming $264,659.32 in damages before interest. Hussain Aff. ¶¶ 8-9. Therefore, the parties are diverse and the amount in controversy is greater than $75,000.

#### ii. Personal Jurisdiction

The Court has personal jurisdiction over Defendant. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted). Here, Plaintiff alleges

that Joseph is a resident of New Jersey. Compl. ¶ 4. Therefore, New Jersey is Joseph's "home," and this Court has personal jurisdiction over him.

### iii. Sufficiency of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 479023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). An individual may be served by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). A copy of the summons was left with Defendant's wife, at their residence.[2] Compl. ¶ 21; D.E. 5. Therefore, Joseph was properly served.

## C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the complaint states a valid cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Plaintiff states a cause of action for breach of contract. Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). Capital One's allegations are sufficient. Capital One alleges a valid agreement and that Joseph breached the agreement by failing to pay the outstanding loan balance upon its maturity. Compl.

---

[2] The Affidavit of Service states that Joseph was served at his place of business, which according to the Complaint, is the same address as his residence. *See* Compl. ¶ 21; D.E. 5. Plaintiff's counsel clarified that Joseph was served at his home and that he runs his business from his home. D.E. 16.

4

¶¶ 11-14. Subsequently, Joseph failed to make complete payments as required. *Id.* ¶ 12. As a result of this breach, the agreement provides that Joseph is liable for the outstanding amounts subject to the applicable interest rate as well as attorneys' fees, court costs, and other expenses incurred by the Plaintiff in the enforcement of the agreement. *Id.* ¶ 10. Capital One also established that it performed under the agreement.

### D. Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Capital One is seeking damages in the amount of the outstanding principal balance, the accrued interest, the default interest, filing fees, and costs of process server fees. Hussain Aff. ¶ 8. These costs totaled $264,659.32 when Plaintiff filed for default judgment. *Id.* Capital One has provided adequate documentation indicating that Joseph is liable for the amounts sought. Compl Ex. A. Defendant has not appeared in this matter, and as a result, there is no evidence before the Court to contest the accuracy of the damages sought by Plaintiff, which are supported by sufficient documentation. Accordingly, Plaintiff is entitled to $264,659.32 in damages.

### E. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Jinisha*, 2015 WL 4508413, at *2.

Here, all three factors weigh in favor of entering default judgment. Capital One would not be able to recover damages owed according to the agreement, and would be unfairly prejudiced if no default judgment is entered. *Days Inns Worldwide, Inc. v. Tulsipooja Hosp., LLC*, No. 15-

5576, 2016 WL 2605989, at *3 (D.N.J. May 6, 2016); *Jinisha*, 2015 WL 4508413, at *2. Next, considering that Defendant has not responded to this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Lastly, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). As a result, the Court finds that default judgment is warranted.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Accordingly, the Court will enter judgment against Defendant in the amount of $264,659.32. An appropriate Order accompanies this Opinion.

Dated: July 6, 2017

John Michael Vazquez, U.S.D.J.